# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TABITHA PHELPS,
        Plaintiff,

v.                                                         Case No. 17-CV-800

PTS OF AMERICA LLC et al.,
        Defendants.

## ORDER

Plaintiff Tabitha Phelps, a Wisconsin state prisoner, filed a complaint under 42 U.S.C. § 1983 asserting that defendants violated her civil rights. Plaintiff moved to proceed without prepayment of the filing fee but then paid the filing fee in full, so I will deny her motion as moot.

The Prison Litigation Reform Act requires me to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review," I must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," that "is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).[1]

Plaintiff alleges as follows: She is an inmate at the Taycheedah Correctional

---

[1] Whether the screening requirement of the PLRA applies here given that defendants are a private contractor and 4 of its employees, as opposed to a "governmental entity" and its officers or employees, I can screen any case at the pleading stage and dismiss any part of it on the same grounds set forth in the PLRA. *See* 28 U.S.C. § 1915(e)(2).

Institution, defendant PTS of America LLC is a prisoner transportation company used by the Wisconsin Department of Corrections to transport wanted criminals from various locations in the U.S. to jails and prisons in Wisconsin. and the remaining defendants are PTS employees. In June 2014, PTS picked plaintiff up from a prison in Joliet, Illinois, for transfer to Winnebago County Jail. Individual defendants J.B., W.A., W.M., and N.P. worked the transfer as either guards or drivers.

According to the complaint, "between June 3, 2014, and June 6, 2014," as the PTS vehicle traveled through Illinois, Tennessee, Arkansas, and Wisconsin, plaintiff "was involved in numerous sexual[] activities with some of the other inmates and J.B., some of which may not have been totally voluntary." Docket No. 1, ¶¶ 12–13. PTS delivered plaintiff to Winnebago County Jail on June 6, 2014. Plaintiff seeks damages alleging that PTS and its employees "failed or neglected to curtail such misconduct and failed to report such misconduct to the proper authorities." *Id.* ¶ 15.

Plaintiff fails to state a cognizable claim for relief under § 1983 because her complaint fails to plausibly allege that defendants violated her federal civil rights. At most, she alleges negligence, which does not generally rise to the level of a federal constitutional violation or otherwise violate federal law. *See, e.g.*, *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Without a cognizable cause of action under federal law, this court can only exercise jurisdiction where the amount in controversy exceeds $75,000 and the parties are completely diverse, meaning "no plaintiff [is] a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). For individuals, "citizenship means domicile, not residence." *Am.'s Best Inns, Inc.*

*v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). A limited liability company is "a citizen of every state of which any member is a citizen." *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Plaintiff has not alleged an amount in controversy, and as for citizenship, she merely alleges that she is a "resident" of Wisconsin, the individual defendants are "residents" of Tennessee, and PTS is a Tennessee LLC with its primary offices in Nashville. None of these allegations are sufficient to establish diversity jurisdiction.

I will give plaintiff an opportunity to amend her complaint to show that federal jurisdiction exists in this case and that she has a cognizable claim against the defendants. If she does not or if her amended complaint still does not state a cognizable claim over which this court has jurisdiction, I will dismiss this case without further notice.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepaying the filing fee (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, on or before **April 6, 2018**, plaintiff shall amend her complaint to state a cognizable claim over which this court has jurisdiction. If she does not, I will dismiss this action without further notice.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2018.

                                      s/Lynn Adelman_____
                                      LYNN ADELMAN
                                      District Judge